WICKER, Judge.
This appeal arises from a suit on a note filed on behalf of plaintiff/appellee Plantation Acceptance Corporation (Plantation) against Beverly Butler, wife of Harold Butler, Sr. (Mrs. Butler). Mrs. Butler reconvened alleging extinguishment of the debt and demanding strict proof of a community estate. Harold Butler (Mr. Butler) and Mrs. Butler also filed a third party claim *642 against Old Hickory Casualty Insurance Company (Old Hickory) for its failure to pay property damages on their automobile. The Butlers assert Plantation was their agent for car insurance and it either failed to collect proceeds for their claim or refused to credit the alleged debt with these funds. Plantation entered a plea, inter alia, of res judicata as it applied to Mr. Butler’s reconventional demand on the basis an unappealed judgment had previously been rendered against him. Plantation further asserted, inter alia, Mrs. Butler had no right of action to bring the reconven-tional demand as “she did not sign the note on which the original suit was filed, [w]as not a named defendant in the suit, and her name does not appear on the automobile title.” On March 16, 1988 the trial judge ruled on the exceptions and dismissed Mr. Butler’s reconventional demand; allowed Mrs. Butler’s reconventional demand to proceed, and allowed the Butler’s third party demand to continue. Mr. Butler did not appeal the dismissal of his reconventional demand.
Trial was set for July 21, 1988. On July 14, 1988 a motion to continue was filed on behalf of the Butlers. The ground asserted for the continuance was Mr. Butler’s status as a member of the Armed Forces of the United States Army who was required to serve on active duty from July 5 through August 10, 1988. Attached to the motion were supporting documents.
The trial judge denied the continuance and proceeded to trial on July 21,1988. He granted judgment in favor of Plantation and against Mrs. Butler in the amount of $4,004.30 plus interest, attorney’s fees, and costs “only in so far as it maybe [sic] collected from her community wages and/or community property.” He further dismissed Mrs. Butler’s reconventional demand against Plantation as well as the Butlers’ third party demand against Old Hickory. While the Butlers’ attorney was present at the pre-trial hearing the morning of trial, he was absent during the trial. The Butlers now appeal. We reverse and remand.
At trial the court noted the following: All counsel had met for a pre-trial conference in chambers. Counsel for the Butlers made “an oral motion for continuance”. The court further stated:
He informs the Court that he’s filed a written motion, however, the Court ... can find no motion for a continuance in the record. The attorneys were told that we were prepared to go forward with trial. [The Butlers’ counsel] is no longer present; is that correct?
Plantation’s counsel informed the court:
Your Honor, he’s left the courtroom and we’ve both made an attempt to locate him within the court.
Thereafter, the trial judge allowed trial to proceed “in the nature of a default.” After ruling in favor of Plantation and Old Hickory, the Butlers now appeal and specify the following error:
When the Lower Court denied appellants’ Motion for Continuance and proceeded to trial in Appellants’ absence, said court committed reversible error. The trial judge also stated:
For the record, further, [the Butlers’ counsel’s] contention was that the continuance was required to have Mr. Butler present to testify. Mr. Butler is presently doing service in the Armed Forces, according to [counsel]. The Court informed him that the case was set for today in April and if he indeed had a conflict, he had plenty of time to file his motion for a continuance.
Thus, the trial judge never considered the merits of appellant’s motion to continue. He ruled strictly on the basis that no motion had been filed. However, we note a written motion had been filed on July 14, 1988 prior to the trial date of July 21,1988. Evidently, the record before the trial judge was incomplete.
Appellants’ motion for a continuance is based on 50 U.S.C.A.App. Sec. 521, which provides:
At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days *643 thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.
The trial judge’s denial of the motion based on the absence of a pleading in that regard constitutes legal error since a pleading and supporting documents had been timely filed.
Accordingly, we reverse the judgment rendered on July 21, 1988 and signed August 5, 1988 and remand the matter to the trial court for further proceedings.
REVERSED AND REMANDED.